NO. 12-00-00196-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




HENRY JACKSON,
§
 APPEAL FROM THE 184TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HARRIS COUNTY, TEXAS






 

 Appellant Henry Jackson was convicted of the felony offense of delivery of a controlled
substance. A jury assessed his punishment at confinement in a state jail for two years and a fine of
$2,500.00. Appellant raises four issues for our consideration. We modify the judgment and, as
modified, affirm.


Background


 Appellant was arrested shortly after he sold a quantity of crack cocaine to an undercover
police officer on February 23, 1999. Because he was on parole at the time of the offense, he was
denied bond before trial.

 Appellant was indicted for delivery of a controlled substance, namely cocaine, in an amount
less than one gram. See Tex. Health & Safety Code Ann. § 481.112 (Vernon Supp. 2001). A
jury trial was held in late February of 2000, after which the trial court sentenced Appellant in
accordance with the jury's verdict on February 28, 2000.



The Judgment


 In his first issue, Appellant contends that the judgment should be reformed for failure to
reflect credit for time Appellant served in jail from the date he was arrested to the date he was
sentenced. We agree. 

 In all criminal cases, the trial court shall give the defendant credit on his sentence for time
he spent in jail from the time of his arrest and confinement in said cause until he is sentenced by the
trial court. See Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (Vernon Supp. 2001). The record
indicates Appellant was confined continuously from the date he was arrested, February 23, 1999,
until the date of sentencing, February 28, 2000. At the sentencing hearing, the trial court ordered
that Appellant have jail time credit from the date of his arrest. The judgment reflects that the
sentence is to begin on February 23, 1999, but the judgment does not reflect any jail time credit due
Appellant.

 We have the power to modify incorrect judgments when we have the necessary data and
information to do so. See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim.
App. 1993). The State argues that the judgment as written, in effect, gives Appellant all the jail time
credit he is due by stating that the sentence began on the date of Appellant's arrest. However, one
cannot divine from the four corners of the judgment itself that Appellant was continuously confined
beginning February 23, 1999. (1) Therefore, we sustain Appellant's first issue, and we modify the trial
court's judgment to show 371 days credit for time served from February 23, 1999 to February 28,
2000.


Challenge for Cause

 In his second and third issues, Appellant complains that the trial court erred by denying his
challenge for cause to venire panel member number forty-one because she could not consider the full
range of punishment. The State argues that error, if any, was harmless.

 The defendant may challenge a venire member for cause if the venire member has a bias or
prejudice against any of the law applicable to the case. See Tex. Code Crim. Proc. Ann. art.
35.16(c)(2) (Vernon Supp. 2001). Refusal to consider or apply the relevant law is a bias against the
law. See Sadler v. State, 977 S.W.2d 140, 142 (Tex. Crim. App.1998). If a trial court erroneously
denies a challenge for cause, harm is shown if the record indicates that the appellant: (1) used a
peremptory challenge to remove the venire member, (2) exhausted his peremptory challenges, (3)
requested and was denied additional peremptory challenges, and (4) identified an objectionable
venire member who sat on the jury and on whom the appellant would have exercised a peremptory
challenge had he not exhausted his peremptory challenges to correct the trial court's erroneous denial
of his challenge for cause. See Johnson v. State, 43 S.W.3d 1, 5-6 (Tex. Crim. App. 2001).

 In reviewing a trial court's ruling on a challenge for cause, we review the totality of the voir
dire testimony to determine whether it supports the trial court's finding that the prospective juror
is able to follow the law as instructed. King v. State, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000).
We reverse the trial court only if a clear abuse of discretion is evident. See Id. When the potential
juror's answers are vacillating, unclear or contradictory, particular deference is accorded to the trial
court's decision. Id. A trial court does not abuse its discretion in denying a challenge for cause if
the venire person is rehabilitated when further questioned by the prosecutor and the trial court judge. 
See Westbrook v. State, 846 S.W.2d 155, 160 (Tex. App.-Fort Worth 1993, no pet.).

 In the instant case, the voir dire record supports the trial court's ruling. Potential juror
number forty-one was questioned at some length about her ability to consider the full range of
punishment. Ultimately, when asked by the trial court whether she could keep an open mind to the
entire range of punishment, juror number forty-one replied, "Yes, I could keep an open mind." The
trial court then asked, "Could you give a light punishment if you thought it would [sic] appropriate?"
Juror number forty-one replied, "If it were appropriate. If I thought it were appropriate." We 
conclude, after reviewing the potential juror's exchanges with the prosecutor and the trial court
judge, that the potential juror was rehabilitated and showed that she could follow the law as
instructed. Furthermore, even if the trial court had erroneously denied the challenge for cause, harm
cannot be shown because Appellant has failed to demonstrate on the record that he made a request
for additional peremptory strikes which was denied and that an objectionable juror sat on the case. 
Appellant's second and third issues are overruled.




Improper Jury Argument

 In his fourth issue, Appellant complains of improper jury argument by the State at the
punishment phase of the trial. The State argues that the issue is not preserved. We agree with the
State.

 As a prerequisite to presenting a complaint regarding improper jury argument for appellate
review, the record must show that the complaining party made his objection known to the trial court
by a timely and specific request, objection, or motion, and that the complaining party pursued his
objection to an adverse ruling. See Tex. R. App. P. 33.1(a). A defendant's right not to be subjected
to incurable, erroneous jury arguments is one of those rights that is forfeited by a failure to insist
upon it. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that "[b]efore
a defendant will be permitted to complain on appeal about an erroneous jury argument or that an
instruction to disregard could not have cured an erroneous jury argument, he will have to show he
objected and pursued his objection to an adverse ruling").

 Appellant made no objection to the State's argument at trial, nor did he raise the issue in his
motion for new trial. Therefore, Appellant's fourth issue is overruled.

 The judgment of the trial court, as modified, is affirmed.


 JIM WORTHEN 

 Justice



Opinion delivered July 25, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.











(DO NOT PUBLISH)
1. We believe the better practice in any case is for the judgment to actually recite any jail time credit due.