**Daniel Wayne SADLER, Appellant,**

v.

**The STATE of Texas.**

**No. 0934–97.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 7, 1998.

Cynthia Viol, Arlington, for appellant.

Edward L. Wilkinson, Assistant District Attorney, Fort Worth, Matthew Paul, State's Attorney, Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MEYERS, Judge, delivered the opinion of the Court in which MANSFIELD, KELLER, PRICE, HOLLAND and WOMACK, Judges, joined.

Appellant pled not guilty to aggravated robbery. TEXAS PENAL CODE § 29.03(a)(2). A jury found him guilty and sentenced him to ninety years in prison.[1] The Second Court of Appeals affirmed his conviction. *Sadler v. State*, No. 02–95–0434–CR slip op. (Tex. App.—Fort Worth March 6, 1997) (not designated for publication). Appellant argues the trial court erred in refusing to grant his challenges for cause against venirepersons who could not consider the minimum punishment if a child was "a victim and/or present" during the commission of the crime.

---

1. Appellant's sentence was subject to enhancement under TEXAS PENAL CODE §§ 12.42(d)(1), 29.03(a)(2) due to his two prior felony convictions.

## I.

During voir dire, Appellant's counsel asked, "Who would not be able to consider the minimum punishment if you found somebody guilty and there was a child victim [and/or a child] present?" [2] Nine venirepersons stated that they would not. Appellant challenged them for cause, alleging bias against the law. The trial court denied the challenges, and Appellant used peremptory strikes to remove those venirepersons. Appellant requested, and was denied, additional peremptory strikes.

## II.

Appellant argues application of Article 35.16(c)(2) of the Code of Criminal Procedure, which allows a defendant to move to strike a member of the venire for cause if "he has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof or of the punishment therefor." *See also Wheatfall v. State*, 882 S.W.2d 829 (Tex. Crim.App.1994), *cert. denied* 513 U.S. 1086, 115 S.Ct. 742, 130 L.Ed.2d 644 (1995).[3]

■ Bias against the law is refusal to consider or apply the relevant law. It exists when a venireperson's beliefs or opinions "would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and oath." *Riley v. State*, 889 S.W.2d 290, 295 (Tex.Crim.App. 1993).[4] Appellant complains that the prospective jurors were unable or unwilling to follow the law regarding punishment. Appellant argues that the challenged venirepersons would not consider the full range of

punishment if a child was present during the commission of the crime, and were thus not qualified and challengeable for cause. We disagree.

The legislature has prescribed a range of punishment for each offense. For the offense of aggravated robbery, a first degree felony, the range of punishment is currently confinement in the institutional division of the Texas Department of Criminal Justice for life or a term of five to ninety-nine years, plus a fine of zero to $10,000. TEXAS PENAL CODE § 12.32. In designating a range of punishment instead of a fixed punishment, the legislature made it the jury's job to assess the specific facts and circumstances of each case and determine where on the punishment scale the specific criminal act fits. In this way, the law requires the jury to tailor the punishment to fit the crime, as committed by the defendant.

■ The Court of Appeals correctly stated the proper question to determine bias against the law: "whether, in the proper aggravated robbery case, where the facts justify it and the law allows it, the venirememeber can fully and fairly consider the entire range of punishment, including the minimum [and maximum]." *Sadler*, slip op. at 2–3, citing *Smith v. State*, 513 S.W.2d 823, 826 (Tex.Crim.App.1974). Jurors must be able to consider the full range of punishment for the crime as defined by the law. "They must be able, in a sense, to conceive both of a situation in which the minimum penalty would be appropriate and of a situation in which the maximum penalty would be appropriate." *Fuller v. State*, 829 S.W.2d 191, 200 (Tex.Crim.App.1992), *cert. denied* 508 U.S. 941, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993).

---

**2.** We do not address the issue of whether the question was proper, as it is not before this Court.

**3.** Similarly, Article 35.16(b)(3) provides that the State may challenge a potential juror for cause on the basis "that he has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment." *See also Sigler v. State*, 865 S.W.2d 957 (Tex.Crim.App.1993), citing *Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985) and *Morgan v. Illinois*, 504 U.S. 719, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992).

**4.** For example, we have recognized bias where the prospective juror would not accept the standard of proof beyond a reasonable doubt, require the state to prove facts that are not elements, not apply the law of parties, automatically disregard accomplice witness testimony, or would consider the defendant's failure to testify in rendering a verdict. *See generally* 49 TEX. JUR.3d Jury § 79–82 (1986 & Supp.1997); GEORGE E. DIX AND ROBERT O. DAWSON, 42 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 35.41–35.84 (1995 & Supp.1998).

Punishment is thus a fact-bound determination.

■ Appellant argues that jurors must be willing to consider the entire range of punishment not just for the crime itself, but for the crime as Appellant committed it. Appellant's argument is without merit. The law *requires* jurors to use the facts to tailor the punishment to the crime as committed by the guilty defendant. As such, it would be nonsensical to rule that a juror who will use the facts to fit the punishment to the *crime is* unqualified and thus challengeable for cause—such a juror would be doing exactly what the law requires.

Appellant argues that the instant case is controlled by *Fuller.* In *Fuller,* we held that a venireperson who would require the State to prove a specific fact in addition to the elements of the crime before considering the maximum punishment was challengeable for cause. *Fuller* is inapposite. In *Fuller,* the challenged venireperson was altering the State's burden of proof. There, the venireperson could not consider the full range of punishment for the crime as defined by the law. In the present case, the challenged venirepersons could consider the full range of punishment for the crime as defined by law. They merely responded that they would consider the facts of the commission of the offense in determining the appropriate punishment for a defendant found guilty of that crime.

### III.

We hold that a prospective juror is not challengeable for cause because he or she will use the facts to determine punishment. A prospective juror is not challengeable for cause based on inability to consider the full range of punishment so long as he or she can consider the full range of punishment for the offense as defined by law.

The judgment of the court of appeals is affirmed.

McCORMICK, P.J., filed a concurring opinion.

BAIRD, J., filed a concurring opinion.

OVERSTREET, J., dissented.

McCORMICK, Presiding Judge, concurring.

I concur only in the Court's judgment for the reasons stated in my concurring and dissenting opinion in *Johnson v. State,* ——— S.W.2d ———, 1998 WL 692441 (Tex.Cr.App. No. 0536–97, delivered October 7, 1998) (McCormick, P.J., concurring and dissenting). The Court's opinion applies the rule stated in *Smith v. State* that jurors "must be able to consider the full range of punishment for the crime as defined by law." *Sadler v. State,* 977 S.W.2d 140 (Tex.Cr.App., 1998); *Smith v. State,* 513 S.W.2d 823, 826 (Tex.Cr. App.1974).

However, *Garrett v. State* and other cases applying *Garrett* effectively have held jurors are not required to consider the full range of punishment for the crime as defined by law. See *Garrett v. State,* 851 S.W.2d 853, 860 (Tex.Cr.App.1993); see also *Howard v. State,* 941 S.W.2d 102, 126–30 (Tex.Cr.App.1996) (op. on reh'g); *Zinger v. State,* 932 S.W.2d 511, 513–14 (Tex.Cr.App.1996); *Castillo v. State,* 913 S.W.2d 529, 532–37 (Tex.Cr.App. 1995); *Johnson,* ——— S.W.2d at ———, 1998 WL 692441 (McCormick, P.J., concurring and dissenting). Therefore, in this case the Court should declare *Smith* to be another one of *Garrett's* collateral casualties and simply hold that a party is not entitled to jurors who will consider the full range of punishment for the crime as defined by law. See *Johnson,* ——— S.W.2d at ———, 1998 WL 692441 (McCormick, P.J., concurring and dissenting); *Garrett,* 851 S.W.2d at 861–64 (Campbell, J.) (discussing *Garrett's* collateral casualties).

With these comments, I concur only in the Court's judgment.

BAIRD, Judge, concurring.

I agree with the majority, that in the instant case, the proper question of whether the juror could consider the minimum punishment if a child was the victim/or witness was not the type of question where a challenge for cause would be warranted upon

receipt of a negative answer.[1]  I write separately to make clear that in some instances, the inquiry at issue here could result in valid challenges for cause.

### I.

"Our precedents teach that qualified prospective jurors must be able to consider the full range of punishment applicable to the offense submitted for their consideration." *Fuller v. State,* 829 S.W.2d 191, 200 (Tex.Cr.App.1992)(*citing Pyles v. State,* 755 S.W.2d 98, 103 (Tex.Cr.App.1988); *Nethery v. State,* 692 S.W.2d 686, 691–92 (Tex.Cr.App. 1985); *Barrow v. State,* 688 S.W.2d 860, 861 (Tex.Cr.App.1985)).  Jurors can be challenged for cause, if, in a proper case, the juror is unable to assess the minimum or maximum punishment.[2]  If the crime, as defined by law, specifically includes the element that the victim is a child, then in those types of inquiry, a juror would be subject to a challenge for cause if the full range of punishment could not be considered.[3]

With these comments, I concur in the judgment of the court.

---

1. *See Maddux v. State,* 862 S.W.2d 590, (Tex.Cr. App.1993), for a discussion concerning why the instant inquiry was a proper question.

2. When a question to the venire goes beyond the elements of the statute, but is not an attempt to commit the jurors to a certain verdict, those questions are proper and are of the type which assist counsel in determining their peremptory challenges.

3. For example crimes such as, capital murder, Tex. Penal Code Ann. § 19.03(a)(8)(murder of an

individual under six years of age); indecency with a child, Tex. Penal Code Ann. § 21.11; aggravated sexual assault of a child, Tex. Penal Code Ann. § 22.021(a)(1)(B); injury to a child, Tex. Penal Code Ann. § 22.04; abandoning or endangering a child, Tex. Penal Code Ann. § 22.041; inter alia, contain a child victim as an element of the offense.