Borders v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-178-CR

TIMOTHY WAYNE BORDERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Timothy Wayne Borders appeals his conviction for capital murder.  A jury sentenced him to life in prison.  In four points on appeal, appellant contends that the trial court erred in overruling his challenges for cause.  We will affirm.

A trial court has discretion in ruling on challenges for cause, and its rulings will not be upset on appeal absent an abuse of that discretion.  
Herron v. State
, 86 S.W.3d 621, 629 (Tex. Crim. App. 2002); 
King v. State
, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000).
  The reviewing court must examine the record as a whole to determine whether there is support for the trial court’s rulings, and, in doing so, it must give deference to the trial court, which was in a position to actually see and hear the venire member.  
Herron
, 86 S.W.3d at 629; 
Rachal v. State
, 917 S.W.2d 799, 810 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996).  

A defendant may challenge a potential juror for cause when that individual has a “bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof or of the punishment therefor.”  
Tex. Code Crim. Proc. Ann
. art. 35.16(c)(2) (Vernon Supp. 2003).  “Bias against the law is [the] refusal to consider or apply the relevant law,” which means the panel members’ “beliefs or opinions ‘would prevent or substantially impair the performance of [their] duties as a juror.’“  
Sadler v. State
, 977 S.W.2d 140, 142 (Tex. Crim. App. 1998).  A party may challenge for cause any venire member who cannot consider the full range of punishment, including probation.  
Nethery v. State
, 692 S.W.2d 686, 691 (Tex. Crim. App. 1985), 
cert. denied
, 474 U.S. 1110 (1986);
 Thornton v. State
, 994 S.W.2d 845, 852
 
(Tex. App.—Fort Worth 1999, pet. ref’d).  
In addition, a party may challenge a venire member who expresses a clear bias against the law permitting a defendant to refuse to testify in his own behalf.  
Brown v. State
, 913 S.W.2d 577, 580-81 (Tex. Crim. App. 1996).  If, however, the venire member vacillates or equivocates with respect to their ability to follow the law, the reviewing court must defer to the trial court’s judgment.  
Id. 
at 580.  Venire members who ultimately state that they can follow the court’s instructions and render a verdict according to the evidence are not challengeable for cause, even if they originally equivocated on their answers.  
Id
.

In his first and second points, appellant complains that the trial court erroneously denied his challenges for cause lodged against venire members Gallagher and Billings.  Specifically, appellant contends that these venire members demonstrated a bias or prejudice against his Fifth Amendment right to not testify at his trial.  We disagree.

During voir dire, appellant’s trial counsel questioned prospective venire members regarding a defendant’s use of his Fifth Amendment privilege.  After one of the other prospective jurors made a comment to the effect that she could understand why some people might not want to testify because they “could come across the wrong way on the witness stand,” prospective juror Billings voiced his disagreement.  He then made the following statement:

I can’t say that I would totally hold it against a person, but I guess I don’t hold them up for not doing it.  They have an opportunity to speak their word, put their position in.  I hate to see the Fifth Amendment be taken. I weigh it.  Whether it’s going to come across in the final decision, I don’t think so.  It offends me a little bit when a person doesn’t say their word when they have the opportunity. 

When appellant’s trial counsel attempted to paraphrase Billings’s statement, he again stated, “I don’t think it would affect the verdict.  It would weigh.  It would weigh.”  Later, appellant’s counsel asked Billings whether he could follow the trial court’s instruction not to consider a defendant’s invocation of his right to remain silent.  Billings responded, “I would abide with the Court’s instruction.  I can’t get rid of what weighs in my mind.  But to affect the decision, I don’t know.  Depends on what the State proves.” 

Prospective juror Gallagher also voiced her comprehension regarding a defendant’s failure to take the stand.  She stated that she felt that a defendant should “voice his side from his feelings as to what happened,” but explained that she was “not necessarily sure that [his failure to testify] would weigh on my verdict.”  Although she admitted that the defendant’s failure to testify would weigh on her mind, she stated that she would follow the trial court’s instruction and “put it back in the back of my mind.” 

Although both venire members expressed their hesitation and concern regarding a defendant’s failure to testify on his own behalf, they also stated that they could follow the trial court’s instructions and not allow their concern to affect the verdict.  
See
 
Brown
, 913 S.W.2d at 580 (holding that venire members who ultimately state they can follow the law are not challengeable for cause).  Therefore, we cannot say that the trial court abused its discretion by denying appellant’s challenges for cause against these venire members.  
See id
.  Accordingly, we overrule points one and two.

In his third and fourth points, appellant alleges that the trial court erred by denying his challenges for cause to venire members Gallagher and Bartley.  Appellant contends these venire members demonstrated a bias or prejudice against probation as a sentencing option in this case.  Neither venire member, however, unequivocally stated that they could not or would not be able to consider probation. 

When appellant’s trial counsel asked venire member Gallagher if she could assess probation in this case, she stated, “I believe under murder I’d have a real hard time with probation.  That’s a slap on the wrist, and a life is much more valuable than a slap on the wrist.”  While she agreed with defense counsel that she would find it difficult or impossible to consider probation, she also stated that she would “really wrestle with” the idea of sentencing a convicted murderer to probation.  The fact that she would “wrestle with” the idea of probation is evidence that she would at least consider it.

Venire member Bartley also expressed his hesitation regarding granting probation in a murder case.  He admitted that he might have been confusing the legal concepts of sudden passion and adequate cause with whether or not he could consider probation as a possible sentence, but stated that, “the facts would have to bear witness as to whether I could give that situation.”  At one point, he admitted that without any facts whatsoever, he “would say no” regarding probation.  Immediately thereafter, however, he made the following statement:

I guess I’d have to answer I could give fair consideration, but in addition to that, I’d have to say it would be unlikely that I would go that direction.  So I’m telling you in advance that I could give it consideration, but it would be extreme for me to ever go in the direction of saying a positive yes to probation. 

Appellant’s counsel then paraphrased Bartley’s comments and Bartley agreed that he would give probation some consideration.  

Here again, we cannot say that the trial court abused its discretion by denying appellant’s challenges for cause as to these two venire members.  Although Gallagher and Bartley both stated that it would be extremely difficult for them to sentence a convicted murderer to probation, overall, their voir dire testimony reveals their willingness to at least consider probation as a possible punishment.  
See Ladd v. State
, 3 S.W.3d 547, 559 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000) (holding that a prospective juror need only be able to keep an open mind with respect to punishment until he or she hears the evidence in the case being tried)
; 
Johnson v. State
, 982 S.W.2d 403, 406 (Tex. Crim. App. 1998) (same).  Therefore, because the trial court was in the best position to view these venire members and assess their demeanor, we must defer to the trial court’s judgment.
(footnote: 2)  
Rachal
, 917 S.W.2d at 814;
 Brown
, 913 S.W.2d at 580.  Accordingly, we overrule points three and four.

Having overruled each of appellant’s points on appeal, we affirm the trial court’s judgment.  

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 19, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
The trial court noted for the record that it denied appellant’s challenges for cause “based not only on [the venire member’s] answers to the questions asked by the attorneys, but also by their tonal inflections, their body language, [and] their phrases in answering the questions.”