COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-178-CR
 
TIMOTHY WAYNE BORDERS    
                                                      APPELLANT
V.
THE STATE OF TEXAS                                                                        
STATE
------------
FROM THE 213
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
       
Timothy Wayne Borders appeals his conviction for capital murder. A jury
sentenced him to life in prison. In four points on appeal, appellant contends
that the trial court erred in overruling his challenges for cause. We will
affirm.
       
A trial court has discretion in ruling on challenges for cause, and its rulings
will not be upset on appeal absent an abuse of that discretion. Herron v.
State, 86 S.W.3d 621, 629 (Tex. Crim. App. 2002); King v. State,
29 S.W.3d 556, 568 (Tex. Crim. App. 2000). The reviewing court must examine the
record as a whole to determine whether there is support for the trial court's
rulings, and, in doing so, it must give deference to the trial court, which was
in a position to actually see and hear the venire member. Herron, 86
S.W.3d at 629; Rachal v. State, 917 S.W.2d 799, 810 (Tex. Crim. App.), cert.
denied, 519 U.S. 1043 (1996).
       
A defendant may challenge a potential juror for cause when that individual has a
"bias or prejudice against any of the law applicable to the case upon which
the defense is entitled to rely, either as a defense to some phase of the
offense for which the defendant is being prosecuted or as a mitigation thereof
or of the punishment therefor." Tex. Code Crim. Proc. Ann. art. 35.16(c)(2)
(Vernon Supp. 2003). "Bias against the law is [the] refusal to consider or
apply the relevant law," which means the panel members' "beliefs or
opinions 'would prevent or substantially impair the performance of [their]
duties as a juror.'" Sadler v. State, 977 S.W.2d 140, 142 (Tex.
Crim. App. 1998). A party may challenge for cause any venire member who cannot
consider the full range of punishment, including probation. Nethery v. State,
692 S.W.2d 686, 691 (Tex. Crim. App. 1985), cert. denied, 474 U.S. 1110
(1986); Thornton v. State, 994 S.W.2d 845, 852 (Tex. App.--Fort Worth
1999, pet. ref'd). In addition, a party may challenge a venire member who
expresses a clear bias against the law permitting a defendant to refuse to
testify in his own behalf. Brown v. State, 913 S.W.2d 577, 580-81 (Tex.
Crim. App. 1996). If, however, the venire member vacillates or equivocates with
respect to their ability to follow the law, the reviewing court must defer to
the trial court's judgment. Id. at 580. Venire members who ultimately
state that they can follow the court's instructions and render a verdict
according to the evidence are not challengeable for cause, even if they
originally equivocated on their answers. Id.
       
In his first and second points, appellant complains that the trial court
erroneously denied his challenges for cause lodged against venire members
Gallagher and Billings. Specifically, appellant contends that these venire
members demonstrated a bias or prejudice against his Fifth Amendment right to
not testify at his trial. We disagree.
       
During voir dire, appellant's trial counsel questioned prospective venire
members regarding a defendant's use of his Fifth Amendment privilege. After one
of the other prospective jurors made a comment to the effect that she could
understand why some people might not want to testify because they "could
come across the wrong way on the witness stand," prospective juror Billings
voiced his disagreement. He then made the following statement:

 I can't say that I would totally hold it
 against a person, but I guess I don't hold them up for not doing it. They have
 an opportunity to speak their word, put their position in. I hate to see the
 Fifth Amendment be taken. I weigh it. Whether it's going to come across in the
 final decision, I don't think so. It offends me a little bit when a person
 doesn't say their word when they have the opportunity.

When appellant's
trial counsel attempted to paraphrase Billings's statement, he again stated,
"I don't think it would affect the verdict. It would weigh. It would
weigh." Later, appellant's counsel asked Billings whether he could follow
the trial court's instruction not to consider a defendant's invocation of his
right to remain silent. Billings responded, "I would abide with the Court's
instruction. I can't get rid of what weighs in my mind. But to affect the
decision, I don't know. Depends on what the State proves."
       
Prospective juror Gallagher also voiced her comprehension regarding a
defendant's failure to take the stand. She stated that she felt that a defendant
should "voice his side from his feelings as to what happened," but
explained that she was "not necessarily sure that [his failure to testify]
would weigh on my verdict." Although she admitted that the defendant's
failure to testify would weigh on her mind, she stated that she would follow the
trial court's instruction and "put it back in the back of my mind."
       
Although both venire members expressed their hesitation and concern regarding a
defendant's failure to testify on his own behalf, they also stated that they
could follow the trial court's instructions and not allow their concern to
affect the verdict. See Brown, 913 S.W.2d at 580 (holding that
venire members who ultimately state they can follow the law are not
challengeable for cause). Therefore, we cannot say that the trial court abused
its discretion by denying appellant's challenges for cause against these venire
members. See id. Accordingly, we overrule points one and two.
       
In his third and fourth points, appellant alleges that the trial court erred by
denying his challenges for cause to venire members Gallagher and Bartley.
Appellant contends these venire members demonstrated a bias or prejudice against
probation as a sentencing option in this case. Neither venire member, however,
unequivocally stated that they could not or would not be able to consider
probation.
       
When appellant's trial counsel asked venire member Gallagher if she could assess
probation in this case, she stated, "I believe under murder I'd have a real
hard time with probation. That's a slap on the wrist, and a life is much more
valuable than a slap on the wrist." While she agreed with defense counsel
that she would find it difficult or impossible to consider probation, she also
stated that she would "really wrestle with" the idea of sentencing a
convicted murderer to probation. The fact that she would "wrestle
with" the idea of probation is evidence that she would at least consider
it.
       
Venire member Bartley also expressed his hesitation regarding granting probation
in a murder case. He admitted that he might have been confusing the legal
concepts of sudden passion and adequate cause with whether or not he could
consider probation as a possible sentence, but stated that, "the facts
would have to bear witness as to whether I could give that situation." At
one point, he admitted that without any facts whatsoever, he "would say
no" regarding probation. Immediately thereafter, however, he made the
following statement:

 I guess I'd have to answer I could give
 fair consideration, but in addition to that, I'd have to say it would be
 unlikely that I would go that direction. So I'm telling you in advance that I
 could give it consideration, but it would be extreme for me to ever go in the
 direction of saying a positive yes to probation.

Appellant's
counsel then paraphrased Bartley's comments and Bartley agreed that he would
give probation some consideration.
       
Here again, we cannot say that the trial court abused its discretion by denying
appellant's challenges for cause as to these two venire members. Although
Gallagher and Bartley both stated that it would be extremely difficult for them
to sentence a convicted murderer to probation, overall, their voir dire
testimony reveals their willingness to at least consider probation as a possible
punishment. See Ladd v. State, 3 S.W.3d 547, 559 (Tex. Crim. App.
1999), cert. denied, 529 U.S. 1070 (2000) (holding that a prospective
juror need only be able to keep an open mind with respect to punishment until he
or she hears the evidence in the case being tried); Johnson v. State,
982 S.W.2d 403, 406 (Tex. Crim. App. 1998) (same). Therefore, because the trial
court was in the best position to view these venire members and assess their
demeanor, we must defer to the trial court's judgment.(2) 
Rachal, 917 S.W.2d at 814; Brown, 913 S.W.2d at 580.
Accordingly, we overrule points three and four.
       
Having overruled each of appellant's points on appeal, we affirm the trial
court's judgment.
 
   
                                                        JOHN
CAYCE
   
                                                        CHIEF
JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 19, 2003

1. See Tex. R. App. P. 47.4.
2. The trial court noted for the record that it denied
appellant's challenges for cause "based not only on [the venire member's]
answers to the questions asked by the attorneys, but also by their tonal
inflections, their body language, [and] their phrases in answering the
questions."