Opinion filed April 6, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April
6, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00100-CR 

                                                    __________

 

                                CHRISTOPHER ALVAREZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 6748BD

 



 

                                                                   O
P I N I O N

The jury
convicted Christopher Alvarez of the first degree felony offense of aggravated
sexual assault of a child and assessed appellant=s punishment at twenty-five years
confinement.  We affirm.

                                                                 Issue
On Appeal








In his sole appellate issue, appellant argues that
the trial court erred by allowing the State, over his objections, to pose
improper commitment questions during voir dire. 
Specifically, appellant contends that the trial court erred in
permitting the State to pose questions asking whether the panel members could
consider giving probation in sexual assault cases where the victim was younger
than fourteen years old.  The State
argues that, although the questions were commitment questions, they were proper
questions.

                                                                Charged
Offenses

Appellant was charged with two counts of
aggravated sexual assault of a child.  In
Count 1, the indictment alleged that appellant sexually assaulted E.C.E., a
child younger than fourteen years of age, by penetrating E.C.E.=s anus with his male sexual organ.  See Tex.
Pen. Code Ann. '
22.021(a)(1)(B)(i), (a)(2)(B) (Vernon Supp. 2005).  In Count 2, the indictment alleged that  appellant sexually assaulted E.C.E., a child
younger than fourteen years of age, by contacting his male sexual organ with
E.C.E.=s
anus.  See Tex. Pen. Code ann. '
22.021(a)(1)(B)(iv), (a)(2)(B) (Vernon Supp. 2005).  Thus, both of the charged offenses included
an element that the victim was younger than fourteen years of age.  Section 22.021(a)(2)(B).

                                                                       Voir
Dire

During voir dire, the State attempted to determine
whether the panel members could consider the full range of punishment for the
charged offenses.  The State asked the
panel members whether they could consider giving probation in sexual assault
cases where the victim was younger than fourteen years old.  The State also asked the panel members
whether they could consider giving probation in a case in which a
thirteen-year-old girl victim was in love with a seventeen-year-old boy.  Appellant=s
counsel objected to the State=s
inclusion of age B younger
than fourteen years old B
in its questions.  Appellant=s counsel argued that, by including age
in the questions, the State had asked the panel members improper commitment
questions.  The trial court determined
that the State=s
questions were proper and overruled appellant=s
counsel=s
objections to the questions.

In response to the State=s
questions, a number of panel members stated that they could not consider
probation in cases involving victims under 14 years old.  The panel members=
responses to the State=s
questions led to challenges for cause. 
Appellant=s counsel
challenged nine panel members for cause, asserting that the panel members had
stated that they could not consider the full range of punishment or that they
could not consider probation.  The trial
court struck eight of the panel members for cause.  Appellant=s
counsel used a peremptory strike to strike the ninth panel member.  The trial court later granted appellant=s counsel an additional peremptory
strike.








                                                              Standard
of Review

A trial court has broad discretion over the
process of selecting a jury.  Barajas
v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002).  We leave to the trial court=s discretion the propriety of a
particular question, and the trial court=s
discretion will not be disturbed on appeal absent an abuse of that
discretion.  Sells v. State, 121
S.W.3d 748, 755 (Tex. Crim. App. 2003). 
A trial court abuses its discretion when it allows an improper
commitment question.  Wingo v. State,
143 S.W.3d 178, 185 (Tex. App.CSan
Antonio 2004), aff=d,
No. PD-0615-04, 2006 WL 336018 (Tex. Crim. App. Feb. 15, 2006).

                                               Commitment
Questions

A commitment question is one that commits a
prospective juror to resolve or to refrain from resolving an issue a certain
way after learning a particular fact.  Standefer
v. State, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001).  Often, such questions ask for a Ayes@
or Ano@
answer in which one or both of the possible answers commit the prospective
juror to resolving an issue a certain way. 
Id.  For a commitment
question to be proper, one of the possible answers must give rise to a valid
challenge for cause.  Id. at 182.

The inquiry for determining an improper commitment
question has two steps:  (1) Is the
question a commitment question and (2) Does the question include facts B and only those facts B that lead to a valid challenge for
cause?  If the answer to (1) is Ayes@
and the answer to (2) is Ano,@ then the question is an improper
commitment question, and the trial court should not allow the question.  Standefer, 59 S.W.3d at 182-83.








Qualified prospective jurors must be willing to
consider the full range of punishment applicable to an offense submitted for
their consideration.  Sadler v. State,
977 S.W.2d 140, 142 (Tex. Crim. App. 1998); 
Banda v. State, 890 S.W.2d 42, 55 (Tex. Crim. App. 1994).  AThey
must be able, in a sense, to conceive both of a situation in which the minimum
penalty would be appropriate and of a situation in which the maximum penalty
would be appropriate.@  Sadler, 977 S.W.2d at 142 (quoting Fuller
v. State, 829 S.W.2d 191, 200 (Tex. Crim. App. 1992).  Questions that require a commitment from
prospective jurors that they are able to consider the full range of punishment
are proper questions.  Standefer,
59 S.W.3d at 181.  The inability to
consider the full range of punishment constitutes a bias or prejudice against
the law and renders a prospective juror challengeable for cause.  Von Byrd v. State, 569 S.W.2d 883, 891
(Tex. Crim. App. 1978); Mason v. State, 116 S.W.3d 248, 255 (Tex. App. B Houston [14th Dist.] 2003, pet. ref=d).

In this case, the State sought commitments from
the panel members that they could consider the full range of punishment
including probation for the charged offenses. 
The victim=s age B younger than 14 years of age B was an element of both charged
offenses.  The State asked whether the
panel members could consider the full range of punishment in cases involving
victims younger than 14 years of age. 
Because the victim=s
age was an element of the charged offenses, the State=s
questions were proper.  The State was
entitled to know whether the panel members were willing to consider the full
range of punishment applicable to the charged offenses.   Sadler, 977 S.W.2d at 142.

The State sought a commitment from the panel
members that, under some circumstances, they could consider probation for the
charged offenses.  A Ano@
answer to the State=s
probation questions gave rise to a valid challenge for cause because a Ano@
answer indicated that the prospective juror could not, under any circumstances,
consider the full range of punishment for the charged offenses.  Von Byrd, 569 S.W.2d at 891.  In fact, the State=s
probation questions led to valid challenges for cause.  The trial court granted eight challenges for
cause based on Ano@ answers.  As such, the State=s
commitment questions were proper, and the trial court did not abuse its
discretion in allowing the questions.

Moreover, even if the trial court committed error
in permitting the State=s
commitment questions, the record does not demonstrate that appellant suffered
harm from the error.  A trial court=s error in allowing the State to
improperly commit jurors to a set of facts is subject to a Rule 44.2(b) harm
analysis.  Tex. R. App. P. 44.2(b); Sanchez v. State, 165 S.W.3d
707, 713 (Tex. Crim App. 2005).  Under
Rule 44.2(b), reviewing courts should assess the potential harm of the State=s improper questioning by focusing upon
whether a biased juror B
one who had explicitly or implicitly promised to prejudice some aspect of the
case because of the State=s
improper questioning B
actually sat on the jury.  Id.  The ultimate harm question is: Was the
defendant tried by an impartial jury or, conversely, was the jury or any
specific juror Apoisoned@ by the State=s
improper commitment questions on a legal issue or fact that was important to
the determination of the verdict or sentence? 
Id.








Appellant=s
counsel challenged nine panel members for cause based upon their answers that
they could not consider probation.  The
trial court granted eight of the challenges for cause.  Appellant=s
counsel used a peremptory strike on the ninth panel member.  Later, the trial court gave appellant=s counsel an additional peremptory
strike.  The record shows that none of
the panel members who said that they could not consider probation served on the
jury.  The record does not show that the
jury or any specific juror was Apoisoned@ by the State=s
commitment questions.  Therefore, even if
the trial court committed error in permitting the State=s
commitment questions, the error did not harm appellant.

We overrule appellant=s
sole issue.

                                                               This
Court=s Ruling

We affirm the judgment of the trial court. 

 

TERRY McCALL

JUSTICE

 

April 6, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.