COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-05-315-CR

                                                
2-05-316-CR

 

 

FORREST ALLEN LUNSFORD, JR.                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Forrest Allen
Lunsford, Jr., appeals his two convictions for aggravated robbery with a deadly
weapon, a knife; both convictions arose out of the same criminal episode.  After Appellant pled guilty to both charges, the
jury assessed his punishment at thirty years= confinement in each case.  In
his sole point on appeal, Appellant contends that the trial court erred by
granting the State=s challenge
for cause regarding two venire members who Appellant contends unequivocally
stated that they would be able to consider the full range of punishment
available for the offense of aggravated robbery with a deadly weapon.  We affirm.

                                   CHALLENGE FOR CAUSE








The
code of criminal procedure allows the State to challenge a juror for cause if
the State can show that the juror Ahas a bias or prejudice against any phase of the law upon which the
State is entitled to rely for conviction or punishment.@  Tex. Code Crim. Proc. Ann. art. 35.16(b)(3) (Vernon Supp.
2005).  Bias against the law is refusal
to consider or apply the relevant law; it exists when a venire member=s beliefs or opinions "would prevent or substantially impair the
performance of his duties as a juror in accordance with his instructions and
oath."  Sadler v. State, 977
S.W.2d 140, 142 (Tex. Crim. App. 1998); Riley v. State, 889 S.W.2d 290, 295
(Tex. Crim. App. 1993), cert. denied, 515 U.S. 1137 (1995).  Jurors must be able to consider the full
range of punishment for the crime as defined by the law.  Sadler, 977 S.W.2d at 142.  "They must be able, in a sense, to
conceive both of a situation in which the minimum penalty would be appropriate
and of a situation in which the maximum penalty would be
appropriate."  Id.; see
Fuller v. State, 829 S.W.2d 191, 200 (Tex. Crim. App. 1992), cert.
denied, 508 U.S. 941 (1993).  VOIR DIRE

During voir dire questioning,
the State asked the venire members 
whether they could consider the full range of punishment, five to
ninety-nine years or life, for each of the two offenses of aggravated robbery
with a deadly weapon.  The prosecutor
addressed the entire venire as follows:

[PROSECUTOR]:  All right. 
Now that we have talked about that, let's talk about the punishment
range.  The range of punishment for
aggravated robbery is five years in the penitentiary up to 99 years and/or
life.  Now, you're going to assess five
to 99 years.  You can give a $10,000
fine.  If you're going to give life,
there is no fine.  

That's the punishment range.  I can't talk to you about the facts of this
case; otherwise, we would just try the case in voir dire, all right?  

 

For every aggravated robbery, there is a set of
circumstances that can warrant five years. 
For every aggravated robbery, there may be a set of circumstances that
can warrant 99 years.  There may be a set
of circumstances that can warrant life, okay? 


 

You need to think about whether or not you can
consider giving someone five years and whether or not you can consider giving
someone life or 99.  It doesn't mean you
have to; it means you at least need to be able to consider it, okay?  

 

When someone pleads guilty, we still put on the
facts and evidence of the case. 
Why?  Because you need to decide
what you're going to give.  You need to
be able to base this decision on some kind of set of facts and circumstances,
right? Otherwise, why would we be here?

 








So after you listen to the facts and
circumstances, you need to decide or consider, go back there, think, um, can I
give five years or can I give 99?  So
that's what I'm going to ask you:  Can
you consider five and can you consider life?

 

This discussion then ensued
between the prosecutor and venire members John Coyne and Dianne Anderson: 

[PROSECUTOR]:  Is it Coyne?

 

VENIREPERSON
[Coyne]:  Yeah.

 

[PROSECUTOR]:  Can you consider 99 or life?

 

VENIREPERSON:  Ninety‑nine or life, no.

 

[PROSECUTOR]:  Can you consider five?

 

VENIREPERSON:  Yes.

 

[PROSECUTOR]:  Why can you not consider 99 or life?

 

VENIREPERSON:  Is there GHB involved or anything like
this?  Was it implied?

 

[PROSECUTOR]:  I can't answer that.  I can't talk about the facts of this case in
voir dire.

 

VENIREPERSON:  Well, if you can't discuss that, then I can't
discuss 99.

 

[PROSECUTOR]:  So you're telling me that you cannot follow
the law because you cannot consider 99 or life?

 

VENIREPERSON:  Without knowing the circumstances, I cannot
just arbitrarily say 99 or life.

 








[PROSECUTOR]:  On what set of circumstances would you give
99 or life?

 

VENIREPERSON:  If there is GHB or something like that
involved.  Other than brandishing the
weapon and giving, I guess, emotional distress, it depends on how the weapon
was used.  

 

But if it was implied, yes, I can do the
five.  But if it was used or pistol‑whipped
or something in that manner, then, yes, I could consider the 99.

 

[PROSECUTOR]:  And the law says all I have to prove is just
that another person was placed in fear.

 

VENIREPERSON:  I understand, but the fear can be implied
with the brandishing of the weapon.

 

[PROSECUTOR]:  Yes, that's absolutely right.  And so that's still not okay with you in
order to consider 99 or life?

 

VENIREPERSON:  No.

 

[PROSECUTOR]:  Thank you, Mr. Coyne. 

. . . . 

 

[PROSECUTOR]:  Ms. Anderson, can you consider five?

 

VENIREPERSON
[Anderson]:  Yes.

 

[PROSECUTOR]:  Can you consider 99 or life?

 

VENIREPERSON:  I kind of have to agree with this
gentleman.  It would really have to be
proven that there was great stress or fear or bodily harm to consider 99 years
for robbery.

 

[PROSECUTOR]:  You understand I don't have to prove that
someone was harmed?

 

VENIREPERSON:  Right.








[PROSECUTOR]:  And maybe nobody was.  I don't know. 
I can't talk to you about the facts of this case.

 

VENIREPERSON:  That's why it's hard to consider 99.

 

[PROSECUTOR]:  But do you see the position I'm in?  Because I'm going to need a definite yes or
no, because by the time you get over here and maybe the facts and circumstances
aren't what you want them to be, it's too late for myself and it's too late for
[defense counsel].  

 

Do you understand that?

 

VENIREPERSON:  Yes.

 

[PROSECUTOR]:  So you're telling me as of right now you
cannot consider 99 or life?

 

VENIREPERSON:  No.

 

[PROSECUTOR]:  So you can't follow the law?

 

VENIREPERSON:  No.

 

[PROSECUTOR]:  Thank you, ma'am.

 

When Appellant=s counsel subsequently questioned the venire members, the following
conversation transpired:

[DEFENSE
COUNSEL]:  And then, Mr. Coyne, you had
mentioned before that you would have a problem with 99 but you could give it if
the facts justified it.  Am I correct
with that statement?

 

VENIREPERSON
[Coyne]:  Right.

 

[DEFENSE
COUNSEL]:  And then, Ms. Anderson, you
basically said the same thing:  You have
a problem with 99 but if the facts justified it, you could give 99.  Am I correct?








VENIREPERSON
[Anderson]:  That's correct.

 

The State then moved to strike Coyne and Anderson for cause, stating,

 

[PROSECUTOR]:  Twenty‑nine [Coyne], 34 [Anderson] and
37.  Twenty‑nine and 34 I want to
make a specific comment on.  They made
absolute, specific statements they couldn't follow the law.  [Defense counsel] just came back with a quick
question on them but they made categorical statements, and under the law,
they're allowed to be stricken on that.

 

And to allow the defense to just ask one quick
question and get them back on gives the defense a great advantage over us since
we don't get to go after them.

 

Appellant=s counsel objected to striking the two venire members, and the court
responded as follows:

THE
COURT:  Four, 29 and 34 unequivocally,
directly and without any question said they cannot consider.  There was absolutely no question in their
minds.

 

[DEFENSE
COUNSEL]:  Well, Number 34 under
continued discussion with [prosecutor] said there would have to be great stress
or great fear in the victim before she could do that.  But she said she could do it if there is
great stress or fear.  

 

Some of these people are requiring bodily injury,
but this one just specifically in response to the conversation with
[prosecutor]  stated that.  

 

And then, right at the end there, Mr. Coyne, we
heard him say that under some circumstances he could consider 99 or life.  So I think he was rehabilitated.

 

THE
COURT:  I'm giving 4, 13, 29, 34 and 37.

 

[PROSECUTOR]:  Thank you, Your Honor.








[DEFENSE
COUNSEL]:  So the record is clear, we
object.  The rest of them we have no
objections to.

 

                                    STANDARD OF REVIEW

We review a trial court's
ruling on a challenge for cause with Aconsiderable deference@ because the trial court is in the best position to evaluate a venire
member's demeanor and responses.  Newbury
v. State, 135 S.W.3d 22, 32 (Tex. Crim. App.), cert. denied, 543
U.S. 990 (2004); Colburn v. State, 966 S.W.2d 511, 517 (Tex. Crim. App.
1998).  We reverse a trial court's ruling
on a challenge for cause Aonly if a
clear abuse of discretion is evident.@  Newbury, 135 S.W.3d at
32; Tucker  v. State, 183 S.W.3d
501, 511 (Tex. App.CFort Worth
2005, no pet.).  A[T]o show error in the trial court=s grant of the State=s challenges for cause, an appellant must show either that the trial
court applied the wrong legal standard in sustaining the challenge or that the
trial court abused its discretion in applying the correct legal standard.@  Moore v. State, 54
S.W.3d 529, 535 (Tex. App.CFort Worth 2001, pet. ref=d).  








In reviewing the trial
court's action, we ask whether the totality of the voir dire testimony supports
the court's finding that the venire members are unable to follow the law as
instructed, and we reverse only if a clear abuse of discretion is evident.  See King v. State, 29 S.W.3d 556, 568
(Tex. Crim. App. 2000).  When the venire
member=s answers are vacillating, unclear, or contradictory, particular
deference is accorded to the trial court's decision.  Id.; Colburn, 966 S.W.2d at 517.  

                                           DISCUSSION

Appellant contends that the
two venire members were inappropriately dismissed for cause because they did
not vacillate or equivocate in their answers to the question of whether they
could consider the maximum range of punishment. 
We disagree.  Venire member Coyne
first stated he could not consider ninety-nine years or life; he then told the
prosecutor that without knowing the circumstances of the case, he could not
just arbitrarily agree that he could consider ninety-nine years or life.  Venire member Anderson stated that she could
not consider ninety-nine years or life unless there was great stress or fear or
bodily harm.  Upon examination by
Appellant=s counsel,
both venire members answered affirmatively when asked whether they could
consider ninety-nine years Aif the facts justified it.@             








Because the two venire
members vacillated in their responses during voir dire, the trial court was in
the best position to determine whether they would be unable to follow the law
as instructed by the court.  See King,
29 S.W.3d at 568.  Accordingly, we hold
the trial court did not clearly abuse its discretion in dismissing for cause
the two venire members at issue.  We
overrule Appellant=s sole
point. 

                                           CONCLUSION

We affirm the judgments of
the trial court.

 

PER CURIAM

 

 

PANEL
F:  HOLMAN, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH  

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 20, 2006

 

 











[1]See Tex. R. App. P. 47.4.