# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00473-CR

**David Ray Bell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. C1CR 6722298, HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted David Ray Bell of the offense of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West 2003). The trial court assessed punishment at 30 days' confinement and a $1,000 fine, but suspended imposition of the sentence and placed Bell on community supervision for 18 months. In a single issue on appeal, Bell asserts that, during jury selection, the trial court abused its discretion in denying a challenge for cause. We will affirm the judgment.

## STANDARD OF REVIEW

We review a trial court's ruling on a challenge for cause with "considerable deference" because the trial court is in the best position to evaluate the venireperson's demeanor and responses. *Russeau v. State*, 171 S.W.3d 871, 879 (Tex. Crim. App. 2005); *Blue v. State*, 125 S.W.3d 491, 497 (Tex. Crim. App. 2003). We will reverse a trial court's ruling on a challenge

for cause "only if a clear abuse of discretion is evident." *Blue*, 125 S.W.3d at 497. "We review the trial court's decision in light of the venireperson's voir dire as a whole. When the record does not contain a clearly objectionable declaration by the venireperson, or the record demonstrates a vacillating or equivocal venireperson, we accord great deference to the trial judge who had the better opportunity to see and hear the person." *Swearingen v. State*, 101 S.W.3d 89, 99 (Tex. Crim. App. 2003). "The trial court is able to consider important factors such as demeanor and tone of voice that do not come through when reviewing a cold record." *Banda v. State*, 890 S.W.2d 42, 54 (Tex. Crim. App. 1994); *Bell v. State*, 233 S.W.3d 583, 591 (Tex. App.—Waco 2007, pet. ref'd). In reviewing a trial court's ruling on a challenge for cause, we review the totality of the voir dire testimony to determine whether it supports the trial court's finding with respect to whether the prospective juror is able to follow the law as instructed. *See King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000); *Murphy v. State*, 229 S.W.3d 334, 339 (Tex. App.—Amarillo 2006, pet. ref'd).

**ANALYSIS**

During jury selection, counsel for Bell asked whether the prospective jurors could assess the minimum punishment assessed by law—three days and a one dollar fine. Venireperson Ms. Esmon answered, "I don't feel like that's enough time." Counsel asked in response, "So do you think you could ever give just three days and one dollar fine to someone who you found guilty of DWI?" Ms. Esmon answered, "No." Counsel then asked if anyone else agreed with Ms. Esmon. Four venirepersons, including Mr. Gatto, indicated agreement with Ms. Esmon by raising their hands.

Later, during individual voir dire, Mr. Gatto was asked specific questions about his earlier agreement with Ms. Esmon:

2

The court:      We had a question about punishment, and Mr. Reposa had asked you about whether you could agree to sentence—you can imagine a circumstance where three days and a dollar fine—would be appropriate if someone was convicted of misdemeanor DWI, and you said no.

Mr. Gatto:      That's right.

The court:      Let me ask you why.

. . . .

Mr. Gatto:      It just doesn't seem like enough punishment.

The court:      What do you think—just curious, what do you think would be appropriate?

Mr. Gatto:      Well, at least a week.

. . . .

The court:      But what about three days?  I mean, you have to be able to consider the full range of punishment.  That means you have to be able to consider it.

Mr. Gatto:      Right.

. . . .

The court:      You have to be able to consider three days.  Three days and no probation, you have to be able to consider that.  If you cannot consider that, that's okay, I just need to know that.

Mr. Gatto:      Agree that that would be fair if someone was—

The court:      That you would consider it, that you would consider that you could, under any—that you could imagine a set of circumstances where three—you would say, you know what, a week's not necessary. Three days is appropriate in this particular case, I just need to know if you can do that or not.

Mr. Gatto:      I can consider it.

The court:      Okay.

At this point, counsel for Bell expressed concern that there was a difference between being able to "consider" a certain punishment range and being able to "give" a certain punishment range. The court then sought to clarify Mr. Gatto's apparently contradictory answers:

> Now . . . do you understand, though, what the difference is, meaning that basically when we say "consider," that means you're open to the full range. You could consider giving three days, you could consider giving a week, you can consider giving up to 180 days. What [counsel]'s saying is, you can't say that you would consider it at the same time that you're saying "I can't give three days." So it's okay if you've changed your mind or because you understand things differently, but you can't answer both ways, is what he's saying, and that's true.

Counsel for the State sought to clarify what the court was asking:

> Ms. Rowan: Could you imagine a set of circumstances—where [three days] might be something in your mind that would be appropriate? Could you consider—is there something out there where you might think that's—that's a fair sentence?
>
> Mr. Gatto: I'm open to that.
>
> Ms. Rowan: Okay.
>
> Mr. Gatto: Yeah.
>
> The court: Okay. And that—you understand that's different from what you originally said?
>
> Mr. Gatto: I do.

Finally, counsel for Bell asked Mr. Gatto one last question:

> Mr. Reposa: That three days is a sentence that you could give under the appropriate facts, you could give a three-day sentence?

Mr. Gatto:     (Moving head up and down.)

The court:     I need you to say yes or no.

Mr. Gatto:     Yes.

The court:     Thank you.

Counsel for Bell challenged Mr. Gatto for cause, and the trial court denied the challenge. Counsel then used his final peremptory strike to exclude Mr. Gatto from the jury. Counsel asked the trial court for an additional peremptory strike to exclude another venireperson from the jury. The trial court denied counsel's request.

"A challenge for cause is an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on the jury." Tex. Code Crim. Proc. Ann. art. 35.16(a) (West 2006). A prospective juror may be challenged for cause if he has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely. *Id*. art. 35.16(c)(2). "The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with law." *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). Before a prospective juror can be excused for cause on this basis, however, the law must be explained to him and he must be asked whether he can follow that law regardless of his personal views. *Jones v. State*, 982 S.W.2d 386, 390 (Tex. Crim. App. 1998). "The proponent of a challenge for cause has the burden of establishing his challenge is proper." *Feldman*, 71 S.W.3d at 747. "The proponent does not meet his burden until he has shown that the venireman understood the requirement of the law and could not overcome his prejudice well enough to follow it." *Id*.

5

Jurors must be able to consider the full range of punishment for the crime as defined by the law. *Sadler v. State*, 977 S.W.2d 140, 142 (Tex. Crim. App. 1998). A venireperson "must be able to keep an open mind with respect to punishment until [he] hears the evidence in the case being tried." *Johnson v. State*, 982 S.W.2d 403, 406 (Tex. Crim. App. 1998). A venireperson who states that he could not consider the full range of punishment for any offense of which the accused might be found guilty is challengeable for cause for having a bias or prejudice against the law. *Ladd v. State*, 3 S.W.3d 547, 559 (Tex. Crim. App. 1999). However, a venireperson who initially indicates an inability to consider the full range of punishment may be rehabilitated through further questioning by the prosecutor or the trial court. *See Von Byrd v. State*, 569 S.W.2d 883, 891 (Tex. Crim. App. 1978); *Westbrook v. State*, 846 S.W.2d 155, 160-61 (Tex. App.—Fort Worth 1993, no pet.).

After reviewing the totality of Mr. Gatto's voir dire testimony, we conclude that the record supports the trial court's finding that Mr. Gatto would be able to follow the law as instructed. *See Murphy*, 229 S.W.3d at 339. Although Mr. Gatto initially indicated that he could not "give" the minimum punishment allowed by law, he later stated that he "can consider it." Still later, when asked by the State if three days was a "fair sentence," Mr. Gatto stated, "I'm open to that." Finally, when asked by defense counsel if, "under the appropriate facts," he "could give a three day sentence," Mr. Gatto answered, "Yes." On this record, we must defer to the trial court's discretion in denying Bell's challenge for cause. *See Blue*, 125 S.W.3d at 499. We overrule Bell's sole issue on appeal.

**CONCLUSION**

We affirm the judgment of the trial court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   July 11, 2008

Do Not Publish