Jeremy Heath NEEDUM, Appellant,

v.

The STATE of Texas, State.

Nos. 2–04–430–CR, 2–04–431–CR, 2–04–432–CR, 2–04–433–CR.

Court of Appeals of Texas, Fort Worth.

Jan. 5, 2006.

---

**5.** *Brooks v. State*, 990 S.W.2d 278, 285 (Tex. Crim.App.), *cert. denied*, 528 U.S. 956, 120 S.Ct. 384, 145 L.Ed.2d 300 (1999) (citations omitted).

**6.** *Smith*, 178 S.W.3d at 801.

James H. Horton and J.T. Borah, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., Catherine Luft, John Hawkins and Theloniaus D. Peugh, Asst. Criminal Dist. Attys., Denton, for appellee.

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

## MEMORANDUM OPINION[1]

JOHN CAYCE, Chief Justice.

Jeremy Heath Needum appeals from his sentences for aggravated assault against a public servant, endangering a child, and resisting arrest. He pleaded guilty to all of these offenses, and a jury assessed his punishment. In his sole point on appeal, appellant complains that the trial court violated his federal and state constitutional rights to effective assistance of counsel by refusing to allow defense counsel to question venire members about whether they would consider intoxication as a mitigating factor in assessing punishment. We affirm.

▮ The relevant facts and the law applicable to this case are well known to the parties. During voir dire in the punishment phase of trial, the court refused to allow defense counsel to ask venire members the following question:

> Is there anybody here that does not believe that intoxication could be a mitigating factor in a crime?

▮ Whether a venire member considers a particular type of evidence, including intoxication, to be mitigating is not a proper area of inquiry during voir dire.[2]

---

1. *See* Tex.R.App. P. 47.4.

2. *Garcia v. State,* 919 S.W.2d 370, 399–400 (Tex.Crim.App.1996) (op. on reh'g) (holding that trial court did not abuse its discretion by refusing to allow defense counsel to voir dire venire members regarding whether they could consider voluntary intoxication as a mitigating circumstance); *accord Standefer v. State,* 59 S.W.3d 177, 181 & n. 19 (Tex.Crim.App. 2001) (reiterating that whether juror considers particular type of evidence mitigating is

A prospective juror is not challengeable for cause simply because he or she does not consider a particular type of evidence to be mitigating.[3]

> [T]he law does not require a juror to consider any particular piece of evidence as mitigating; all the law requires is that a defendant be allowed to present relevant mitigating evidence and that the jury be provided a vehicle to give mitigating effect to the evidence if the jury finds it to be mitigating. A trial court does not abuse its discretion by refusing to allow a defendant to ask venire members questions ... about particular mitigating evidence.[4]

The dissent argues that the trial court should have allowed the question because a defendant who relies on temporary insanity as a defense is entitled to a jury instruction regarding mitigation when the evidence tends to show that such insanity was caused by intoxication.[5] Based on the well-established precedent that we have discussed, we are unpersuaded by this argument. Moreover, the argument was not preserved for our review because the question at issue did not inform the trial court that appellant was seeking to discover a disqualifying bias against the temporary insanity defense.[6] Therefore, we hold that the trial court did not abuse its discretion[7] or violate appellant's constitutional rights by disallowing the question. We overrule appellant's point and affirm the trial court's judgments.

LIVINGSTON, J. concurs without opinion.

DAUPHINOT, J. filed a dissenting opinion.

LEE ANN DAUPHINOT, Justice, dissenting.

Because the majority holds that Appellant was not entitled to inquire about the venire's bias against an area of the law upon which Appellant was entitled to rely, I must respectfully dissent.

Section 8.04 of the penal code provides in pertinent part:

> (b) Evidence of temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried.

> (c) When temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was caused by intoxication, the court shall charge the jury in accordance with the provisions of this section.[1]

As the Texas Court of Criminal Appeals has pointed out, it is well established in the law that

---

not proper area of inquiry and citing *Garcia* as example).

3. *Standefer*, 59 S.W.3d at 181.

4. *Raby v. State*, 970 S.W.2d 1, 4 (Tex.Crim. App.), *cert. denied*, 525 U.S. 1003, 119 S.Ct. 515, 142 L.Ed.2d 427 (1998).

5. *See* TEX. PENAL CODE ANN. § 8.04(c) (Vernon 2003). Appellant received such an instruction in these cases.

6. *See* TEX.R.APP. P. 33.1(a) (providing that request must be sufficiently specific to apprise trial court of reason for desired ruling); *Bell v. State*, 938 S.W.2d 35, 54–55 (Tex.Crim.App. 1996) (same), *cert. denied*, 522 U.S. 827, 118

S.Ct. 90, 139 L.Ed.2d 46 (1997); *see also Hailey v. State*, 87 S.W.3d 118, 121–22 (Tex. Crim.App.2002) (holding that appellate court cannot reverse trial court's judgment on legal theory not raised below), *cert. denied*, 538 U.S. 1060, 123 S.Ct. 2218, 155 L.Ed.2d 1111 (2003).

7. *See Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim.App.2002) (applying abuse of discretion standard of review to trial court's limitation of voir dire).

1. TEX. PENAL CODE ANN § 8.04(b), (c) (Vernon 2003).

[t]here are three possible purposes for the voir dire examination of veniremen. The first purpose is to elicit information which would establish a basis for a challenge for cause because the venireman is legally disqualified from serving or is biased or prejudiced for or against one of the parties *or some aspect of the relevant law.*[2]

As the *Sadler* Court reiterates, both the defendant and the State may challenge for cause any juror who has a bias or prejudice against the law that either party is entitled to rely upon.[3] "Bias against the law is refusal to consider or apply the relevant law. It exists when a venireperson's beliefs or opinions would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and oath."[4]

Appellant was properly inquiring whether the venire members had a bias against the law upon which Appellant was entitled to rely. A juror who believes so strongly that temporary insanity caused by voluntary intoxication could never be a mitigating factor at punishment has such a bias and is subject to a challenge for cause.[5] Appellant was absolutely entitled to inquire into the existence of such bias, and the trial court abused its discretion by refusing to allow the proper question.

For these reasons, I respectfully dissent from the majority's opinion.

---

**2.** *Sanchez v. State,* 165 S.W.3d 707, 710–11 (Tex.Crim.App.2005) (emphasis added); *see also* TEX.CODE CRIM. PROC. ANN. art. 35.16(b)(3), (c)(2) (Vernon Supp.2005); *Sadler v. State,* 977 S.W.2d 140, 142 & n. 3 (Tex.Crim.App. 1998); *Smith v. State,* 907 S.W.2d 522, 529 (Tex.Crim.App.1995).

**3.** *Sadler,* 977 S.W.2d at 142 & n. 3; *see also* TEX.CODE CRIM. PROC. ANN. art. 35.16(b)(3), (c)(2).

**4.** *Sadler,* 977 S.W.2d at 142 (citations and quotations omitted).

**5.** *See* TEX.CODE CRIM. PROC. ANN. art. 35.16(c)(2).