COURT OF APPEALS

                                                   SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                              NOS.  2-04-430-CR

        2-04-431-CR

        2-04-432-CR

        2-04-433-CR

 

JEREMY HEATH
NEEDUM                                                     APPELLANT

 

                                                   V.

 

THE STATE OF
TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                                              

                                                        ------------








Jeremy Heath Needum appeals
from his sentences for aggravated assault against a public servant, endangering
a child, and resisting arrest.  He
pleaded guilty to all of these offenses, and a jury assessed his punishment.  In his sole point on appeal, appellant
complains that the trial court violated his federal and state constitutional
rights to effective assistance of counsel by refusing to allow defense counsel
to question venire members about whether they would consider intoxication as a
mitigating factor in assessing punishment. 
We affirm.

The relevant facts and the
law applicable to this case are well known to the parties.  During voir dire in the punishment phase of
trial, the court refused to allow defense counsel to ask venire members the
following question:

Is there anybody here that
does not believe that intoxication could be a mitigating factor in a crime? 

 

Whether a venire member
considers a particular type of evidence, including intoxication, to be
mitigating is not a proper area of inquiry during voir dire.[2]  A prospective juror is not challengeable for
cause simply because he or she does not consider a particular type of evidence
to be mitigating.[3]








[T]he law does not require a
juror to consider any particular piece of evidence as mitigating; all the law
requires is that a defendant be allowed to present relevant mitigating evidence
and that the jury be provided a vehicle to give mitigating effect to the
evidence if the jury finds it to be mitigating. 
A trial court does not abuse its discretion by refusing to allow a
defendant to ask venire members questions . . . about particular mitigating
evidence.[4]

 

The dissent argues that the
trial court should have allowed the question because a defendant who relies on
temporary insanity as a defense is entitled to a jury instruction regarding
mitigation when the evidence tends to show that such insanity was caused by
intoxication.[5]  Based on the well-established precedent that
we have discussed, we are unpersuaded by this argument.  Moreover, the argument was not preserved for
our review because the question at issue did not inform the trial court that
appellant was seeking to discover a disqualifying bias against the temporary
insanity defense.[6]  Therefore, we hold that the trial court did 

 

 

 

 








not abuse its discretion[7]
or violate appellant=s
constitutional rights by disallowing the question.  We overrule appellant=s point and affirm the trial court=s judgments.

 

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL F:     CAYCE,
C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

LIVINGSTON, J. concurs without opinion.

 

DAUPHINOT, J. filed a dissenting opinion. 

 

PUBLISH

 

DELIVERED: 
January 5, 2006











 
 
 
 
 
 
 




 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                       NOS.  2-04-430-CR

         2-04-431-CR

         2-04-432-CR

         2-04-433-CR

 

JEREMY HEATH NEEDUM                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------

 

Because the majority holds
that Appellant was not entitled to inquire about the venire=s bias against an area of the law upon which Appellant was entitled to
rely, I must respectfully dissent.

Section 8.04 of the penal
code provides in pertinent part:

(b) Evidence of temporary insanity caused by
intoxication may be introduced by the actor in mitigation of the penalty
attached to the offense for which he is being tried.

 








(c) When temporary insanity is relied upon as a
defense and the evidence tends to show that such insanity was caused by
intoxication, the court shall charge the jury in accordance with the provisions
of this section.[1]

 

As the Texas Court of Criminal Appeals has
pointed out, it is well established in the law that 

[t]here
are three possible purposes for the voir dire examination of veniremen.  The first purpose is to elicit information
which would establish a basis for a challenge for cause because the venireman
is legally disqualified from serving or is biased or prejudiced for or against
one of the parties or some aspect of the relevant law.[2]  

 

As the Sadler Court
reiterates, both the defendant and the State may challenge for cause any juror
who has a bias or prejudice against the law that either party is entitled to
rely upon.[3]  ABias against the law is refusal to consider or apply the relevant
law.  It exists when a venireperson=s beliefs or opinions would prevent or substantially impair the
performance of his duties as a juror in accordance with his instructions and
oath.A[4]








Appellant was properly
inquiring whether the venire members had a bias against the law upon which
Appellant was entitled to rely.  A juror
who believes so strongly that temporary insanity caused by voluntary intoxication
could never be a mitigating factor at punishment has such a bias and is subject
to a challenge for cause.[5]  Appellant was absolutely entitled to inquire
into the existence of such bias, and the trial court abused its discretion by
refusing to allow the proper question.  

For these reasons, I
respectfully dissent from the majority=s opinion.

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

 

DELIVERED:  January 5, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Garcia v. State, 919 S.W.2d 370, 399-400
(Tex. Crim. App. 1996) (op. on reh=g) (holding that trial court did not abuse its discretion by refusing
to allow defense counsel to voir dire venire members regarding whether they
could consider voluntary intoxication as a mitigating circumstance); accord
Standefer v. State, 59 S.W.3d 177, 181 & n.19 (Tex. Crim. App. 2001)
(reiterating that whether juror considers particular type of evidence
mitigating is not proper area of inquiry and citing Garcia as example).





[3]Standefer, 59 S.W.3d at 181.





[4]Raby v. State, 970 S.W.2d 1, 4 (Tex.
Crim. App.), cert. denied, 525 U.S. 1003 (1998).





[5]See Tex. Penal Code Ann. ' 8.04(c) (Vernon 2003). 
Appellant received such an instruction in these cases. 





[6]See Tex. R. App. P. 33.1(a) (providing that request must be
sufficiently specific to apprise trial court of reason for desired ruling); Bell
v. State, 938 S.W.2d 35, 54-55 (Tex. Crim. App. 1996) (same), cert.
denied, 522 U.S. 827 (1997); see also Hailey v. State, 87
S.W.3d 118, 121-22 (Tex. Crim. App. 2002) (holding that appellate court cannot
reverse trial court=s judgment
on legal theory not raised below), cert. denied, 538 U.S. 1060 (2003).





[7]See Barajas v. State, 93 S.W.3d
36, 38 (Tex. Crim. App. 2002) (applying abuse of discretion standard of review
to trial court=s limitation
of voir dire).





[1]Tex.
Penal Code Ann. ' 8.04(b), (c) (Vernon 2003).





[2]Sanchez v. State, 165 S.W.3d 707, 710-11 (Tex. Crim. App. 2005) (emphasis added); see
also Tex. Code Crim. Proc. Ann.
art. 35.16(b)(3), (c)(2) (Vernon Supp. 2005); Sadler v. State, 977
S.W.2d 140, 142 & n.3 (Tex. Crim. App. 1998); Smith v. State, 907
S.W.2d 522, 529 (Tex. Crim. App. 1995).





[3]Sadler, 977 S.W.2d at 142 & n.3; see also Tex. Code Crim. Proc. Ann. art. 35.16(b)(3), (c)(2).





[4]Sadler, 977 S.W.2d at 142 (citations and quotations omitted).





[5]See Tex. Code Crim. Proc. Ann. art. 35.16(c)(2).