LUNSFORD v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-05-315-CR

                                                 
2-05-316-CR

FORREST ALLEN LUNSFORD, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Forrest Allen Lunsford, Jr., appeals his two convictions for aggravated robbery with a deadly weapon, a knife; both convictions arose out of the same criminal episode.  After Appellant pled guilty to both charges, the jury assessed his punishment at thirty years’ confinement in each case.  In his sole point on appeal, Appellant contends that the trial court erred by granting the State’s challenge for cause regarding two venire members who Appellant contends unequivocally stated that they would be able to consider the full range of punishment available for the offense of aggravated robbery with a deadly weapon. 
 We affirm.

CHALLENGE FOR CAUSE

The code of criminal procedure allows 
the State to challenge a juror for cause if the State can show that the juror “has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment.”  
Tex. Code Crim. Proc. Ann
. art. 35.16(b)(3) (Vernon Supp. 2005).  Bias against the law is refusal to consider or apply the relevant law; it exists when a venire member’s beliefs or opinions "would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and oath."  
Sadler v. State
, 977 S.W.2d 140, 142 (Tex. Crim. App. 1998); 
Riley v. State
, 889 S.W.2d 290, 295 (Tex. Crim. App. 1993), 
cert. denied
, 515 U.S. 1137 (1995).  Jurors must be able to consider the full range of punishment for the crime as defined by the law.  
Sadler
, 977 S.W.2d at 142.  "They must be able, in a sense, to conceive both of a situation in which the minimum penalty would be appropriate and of a situation in which the maximum penalty would be appropriate."  
Id.
; 
see Fuller v. State
, 829 S.W.2d 191, 200 (Tex. Crim. App. 1992), 
cert. denied
, 508 U.S. 941 (1993).   
VOIR DIRE

During voir dire questioning, the State asked the venire members  whether they could consider the full range of punishment, five to ninety-nine years or life, for each of the two offenses of aggravated robbery with a deadly weapon.  The prosecutor addressed the entire venire as follows:

[PROSECUTOR]:  All right.  Now that we have talked about that, let's talk about the punishment range.  The range of punishment for aggravated robbery is five years in the penitentiary up to 99 years and/or life.  Now, you're going to assess five to 99 years.  You can give a $10,000 fine.  If you're going to give life, there is no fine.  

That's the punishment range.  I can't talk to you about the facts of this case; otherwise, we would just try the case in voir dire, all right?  

For every aggravated robbery, there is a set of circumstances that can warrant five years.  For every aggravated robbery, there may be a set of circumstances that can warrant 99 years.  There may be a set of circumstances that can warrant life, okay?  

You need to think about whether or not you can consider giving someone five years and whether or not you can consider giving someone life or 99.  It doesn't mean you have to; it means you at least need to be able to consider it, okay?  

When someone pleads guilty, we still put on the facts and evidence of the case.  Why?  Because you need to decide what you're going to give.  You need to be able to base this decision on some kind of set of facts and circumstances, right? Otherwise, why would we be here?

So after you listen to the facts and circumstances, you need to decide or consider, go back there, think, um, can I give five years or can I give 99?  So that's what I'm going to ask you:  Can you consider five and can you consider life?

This discussion then ensued between the prosecutor and venire members John Coyne and Dianne Anderson: 

[PROSECUTOR]:  Is it Coyne?

VENIREPERSON [Coyne]:  Yeah.

[PROSECUTOR]:  Can you consider 99 or life?

VENIREPERSON:  Ninety-nine or life, no.

[PROSECUTOR]:  Can you consider five?

VENIREPERSON:  Yes.

[PROSECUTOR]:  Why can you not consider 99 or life?

VENIREPERSON:  Is there GHB involved or anything like this?  Was it implied?

[PROSECUTOR]:  I can't answer that.  I can't talk about the facts of this case in voir dire.

VENIREPERSON:  Well, if you can't discuss that, then I can't discuss 99.

[PROSECUTOR]:  So you're telling me that you cannot follow the law because you cannot consider 99 or life?

VENIREPERSON:  Without knowing the circumstances, I cannot just arbitrarily say 99 or life.

[PROSECUTOR]:  On what set of circumstances would you give 99 or life?

VENIREPERSON:  If there is GHB or something like that involved.  Other than brandishing the weapon and giving, I guess, emotional distress, it depends on how the weapon was used.  

But if it was implied, yes, I can do the five.  But if it was used or pistol-whipped or something in that manner, then, yes, I could consider the 99.

[PROSECUTOR]:  And the law says all I have to prove is just that another person was placed in fear.

VENIREPERSON:  I understand, but the fear can be implied with the brandishing of the weapon.

[PROSECUTOR]:  Yes, that's absolutely right.  And so that's still not okay with you in order to consider 99 or life?

VENIREPERSON:  No.

[PROSECUTOR]:  Thank you, Mr. Coyne. 

. . . . 

[PROSECUTOR]:  Ms. Anderson, can you consider five?

VENIREPERSON [Anderson]:  Yes.

[PROSECUTOR]:  Can you consider 99 or life?

VENIREPERSON:  I kind of have to agree with this gentleman.  It would really have to be proven that there was great stress or fear or bodily harm to consider 99 years for robbery.

[PROSECUTOR]:  You understand I don't have to prove that someone was harmed?

VENIREPERSON:  Right.

[PROSECUTOR]:  And maybe nobody was.  I don't know.  I can't talk to you about the facts of this case.

VENIREPERSON:  That's why it's hard to consider 99.

[PROSECUTOR]:  But do you see the position I'm in?  Because I'm going to need a definite yes or no, because by the time you get over here and maybe the facts and circumstances aren't what you want them to be, it's too late for myself and it's too late for [defense counsel].  

Do you understand that?

VENIREPERSON:  Yes.

[PROSECUTOR]:  So you're telling me as of right now you cannot consider 99 or life?

VENIREPERSON:  No.

[PROSECUTOR]:  So you can't follow the law?

VENIREPERSON:  No.

[PROSECUTOR]:  Thank you, ma'am.

When Appellant’s counsel subsequently questioned the venire members, the following conversation transpired:

[DEFENSE COUNSEL]:  And then, Mr. Coyne, you had mentioned before that you would have a problem with 99 but you could give it if the facts justified it.  Am I correct with that statement?

VENIREPERSON [Coyne]:  Right.

[DEFENSE COUNSEL]:  And then, Ms. Anderson, you basically said the same thing:  You have a problem with 99 but if the facts justified it, you could give 99.  Am I correct?

VENIREPERSON [Anderson]:  That's correct.

The State then moved to strike Coyne and Anderson for cause, stating,

[PROSECUTOR]:  Twenty-nine [Coyne], 34 [Anderson] and 37.  Twenty-nine and 34 I want to make a specific comment on.  They made absolute, specific statements they couldn't follow the law.  [Defense counsel] just came back with a quick question on them but they made categorical statements, and under the law, they're allowed to be stricken on that.

And to allow the defense to just ask one quick question and get them back on gives the defense a great advantage over us since we don't get to go after them.

Appellant’s counsel objected to striking the two venire members, and the court responded as follows:

THE COURT:  Four, 29 and 34 unequivocally, directly and without any question said they cannot consider.  There was absolutely no question in their minds.

[DEFENSE COUNSEL]:  Well, Number 34 under continued discussion with [prosecutor] said there would have to be great stress or great fear in the victim before she could do that.  But she said she could do it if there is great stress or fear.  

Some of these people are requiring bodily injury, but this one just specifically in response to the conversation with [prosecutor]  stated that.  

And then, right at the end there, Mr. Coyne, we heard him say that under some circumstances he could consider 99 or life.  So I think he was rehabilitated.

THE COURT:  I'm giving 4, 13, 29, 34 and 37.

[PROSECUTOR]:  Thank you, Your Honor.

[DEFENSE COUNSEL]:  So the record is clear, we object.  The rest of them we have no objections to.

STANDARD OF REVIEW

We review a trial court's ruling on a challenge for cause with “considerable deference” because the trial court is in the best position to evaluate a venire member's demeanor and responses.  
Newbury v. State
, 135 S.W.3d 22, 32 (Tex. Crim. App.), 
cert. denied
, 543 U.S. 990 (2004); 
Colburn v. State
, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998).
  We reverse a trial court's ruling on a challenge for cause “only if a clear abuse of discretion is evident.”  
Newbury, 
135 S.W.3d at 32
; 
Tucker  v. State
, 183 S.W.3d 501, 511 (Tex. App.—Fort Worth 2005, no pet.). 
 “[T]o show error in the trial court’s grant of the State’s challenges for cause, an appellant must show either that the trial court applied the wrong legal standard in sustaining the challenge or that the trial court abused its discretion in applying the correct legal standard.” 
 Moore v. State
, 54 S.W.3d 529, 535 (Tex. App.—Fort Worth 2001, pet. ref’d).  

In reviewing the trial court's action, we ask whether the totality of the voir dire testimony supports the court's finding that the venire members are unable to follow the law as instructed, and we reverse only if a clear abuse of discretion is evident.  
See King v. State
, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000).  When the venire member’s answers are vacillating, unclear, or contradictory, particular deference is accorded to the trial court's decision.  
Id.; Colburn
, 966 S.W.2d at 517.  

DISCUSSION

Appellant contends that the two venire members were inappropriately dismissed for cause because they did not vacillate or equivocate in their answers to the question of whether they could consider the maximum range of punishment.  We disagree.  Venire member Coyne first stated he could not consider ninety-nine years or life; he then told the prosecutor that without knowing the circumstances of the case, he could not just arbitrarily agree that he could consider ninety-nine years or life.  Venire member Anderson stated that she could not consider ninety-nine years or life unless there was great stress or fear or bodily harm.  Upon examination by Appellant’s counsel, both venire members answered affirmatively when asked whether they could consider ninety-nine years “if the facts justified it.”             

Because the two venire members vacillated in their responses during voir dire, the trial court was in the best position to determine whether they would be unable to follow the law as instructed by the court.  
See King
, 29 S.W.3d at 568.  Accordingly, we hold the trial court did not clearly abuse its discretion in dismissing for cause the two venire members at issue.  We overrule Appellant’s sole point. 

CONCLUSION

We affirm the judgments of the trial court.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH  

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 20, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.