**JUSTIN JAY SHOT WITH TWO ARROWS, Appellant,**

v.

**The STATE of Texas.**

**Nos. 2–00–326–CR to 2–00–328–CR.**

Court of Appeals of Texas, Fort Worth.

Dec. 20, 2001.

David Wacker, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Charles E. Orbison, Rick Daniel, Earl Dobson, Asst. Dist. Attys., Denton, Matthew Paul, State Prosecuting Atty., Austin, for Appellee.

Panel F: LIVINGSTON, J.; DAUPHINOT, J.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

## OPINION

DAVID L. RICHARDS, Justice (Assigned).

The issue presented in these appeals is whether the trial court is required to grant challenges for cause to prospective jurors who are unable to consider probation for a defendant convicted of three separate felony offenses in a joint trial.

Appellant Justin Jay Shot With Two Arrows was charged in separate indictments with three drug delivery offenses. Two were state jail felonies and one was a second degree felony. After appellant entered pleas of guilty in each case, punishment was assessed in a joint trial by a jury. The respective sentences assessed were 180 days' confinement in one of the state jail felonies, two years' confinement in the other state jail felony, and four years' confinement for the second degree felony.

In two points, appellant argues that the trial court abused its discretion in denying appellant's challenge for cause to veniremen Michael Atkins and Dwight Eckert because they stated they could not consider the minimum punishment authorized by law. We will affirm.

Both points present an identical question: Is the trial court required to grant a challenge for cause to a veniremember who indicates that he could not consider probation where the defendant is convicted of multiple offenses in a joint trial? We hold the trial court is not required to grant a challenge for cause in that situation.

■ Prospective jurors must be willing to consider the full range of punishment applicable to the offense submitted for their consideration. *Sadler v. State*, 977 S.W.2d 140, 142 (Tex.Crim.App.1998); *Fuller v. State*, 829 S.W.2d 191, 200 (Tex. Crim.App.1992), *cert. denied*, 508 U.S. 941, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993). A defendant does not have the right, however, to commit a veniremember to a particular set of facts in an attempt to disqualify him. *Sadler*, 977 S.W.2d at 142–43. This is especially true when the questioning relies on facts similar to the facts of this case. *Id.*

Here, the questioning appellant relies on in support of his contention that veniremen Atkins and Eckert could not consider probation was not about *a* delivery case, but a *collection* of delivery cases. We agree with the State that a prospective juror's response that he could not consider probation in a collection of delivery cases is inconsequential because the juror must only be able to consider the minimum sentence in an appropriate case, not a fact specific hypothetical involving multiple convictions for separate offenses. This view squares well with the Texas Court of Criminal Appeals' pronouncement in *Johnson v. State* that a prospective juror must be able to "consider the full range of punishment for the offense *generally,* and not for some specific manner and means of committing the offense." 982 S.W.2d 403, 406 (Tex.Crim.App.1998) (emphasis added). To hold otherwise would lead to absurd results, such as the requirement that prospective jurors in a multiple indictment case involving twelve serial murders be able to consider probation under the hypothetical fact situation where the defendant is convicted of all twelve murders.

Our holding today recognizes and follows the court of criminal appeals' ruling that a prospective juror need only be able to keep an open mind with respect to punishment until he or she hears the evidence in the case being tried and, thus, must be able to accept that, *"for the offense in question,"* the minimum punishment will be appropriate in some circumstances and the maximum legal punishment will be appropriate in some

circumstances. *Johnson,* 982 S.W.2d at 406 (emphasis added).[1]

■ Defense counsel's questioning of veniremembers Atkins and Eckhert on their views on probation as punishment for multiple conviction cases did not provide a proper basis for a challenge for cause. Appellant's hypothetical goes beyond the minimum requirement and would require that jurors consider probation, not for the offense in question, but for a *collection* of separately indicted offenses. In *Post v. State,* this court reversed the defendant's conviction and remanded the case for a new trial on punishment where two veniremembers stated they could not consider the minimum sentence if the defendant was convicted of four aggravated robbery cases that were joined for trial. 936 S.W.2d 343, 346 (Tex.App.-Fort Worth 1996, pet. ref'd). A close reading of our decision in *Post* reveals the State did not argue that the veniremembers were not legally required to consider probation for multiple convictions; instead, the State argued that under the particular facts present in that case, the veniremembers indicated they *could* consider probation for multiple convictions. We were not presented with and, therefore, did not address the more fundamental question of whether a veniremember needs to be able to consider probation where the hypothetical posed by defense counsel involved multiple convictions. To the extent that our opinion in *Post* suggests, by implication, that prospective jurors must be able to consider the minimum sentence under a hypothetical question involving multiple convictions, it is overruled.

As an alternative argument, appellant contends the veniremens' answers indicated they were not only unable to consider probation for a defendant *convicted* of separate drug delivery offenses in multiple cases but also that they were unable to consider probation for any defendant *charged* with separate offenses. The record does not support that claim. Although the veniremens' answers were at times ambiguous, the trial court acted properly in finding that their expressed inability to consider probation related to the hypothetical involving multiple convictions rather than multiple charges.

The trial court's rejection of appellant's suggested fact interpretation occurred in the following exchange:

THE COURT: My understanding was he didn't say the mere filing. He was saying if a person was guilty of three different offenses, that would affect him. He would cut the lower end of the punishment range.

[DEFENSE COUNSEL]: And that is precisely what I am saying, Your Honor.

THE COURT: So it is not the fact that charges have been brought.

[DEFENSE COUNSEL]: Yes, it is.

Finding no error in the trial court's rulings denying appellant's challenges for cause, the judgments are affirmed.

---

1. Our decision also finds support in the Texas Court of Criminal Appeals' recent decision in *Standefer v. State,* 59 S.W.3d 177, 186–87 (Tex.Crim.App. 2001)(ruling that prospective jurors must be able to consider full range of punishment for "an offense" but that where the law does not require a commitment, a commitment question is "invariably improper"). Although we recognize that as of the time our opinion today issues, *Standefer* is not yet final, we believe the rationale expressed by the majority there is sound as it relates to the issue addressed here.